[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, Bruce Lev, Trustee, on behalf of the defendants Milton Hollander and Betty Hollander purchased a ten acre home site in the plaintiff's subdivision during the month of May, 1989. The defendant Lev took title to that acreage subject to a Declaration of Covenants, Easements and Restrictions. Inter alia, the Declaration requires of all purchasers, before construction and the like on any parcel, that they first obtain approval from the Architectural Review Committee, hereinafter referred to as ARC. In accordance with the Declaration, plans were submitted by the defendant, Bruce Lev, Trustee but were rejected by the ARC. The rejection of those plans and the defendants' response to that rejection form the basis of this law suit. The plaintiff has obtained an exparte temporary restraining order against the defendants ordering them not to engage in any construction activities, etc. on the property. The exparte restraining order was modified by mutual consent on June 6, 1990. The plaintiff now seeks a preliminary injunction against the defendants.
The ARC first met to consider the defendants' submission on September 20, 1989. The defendants, through their architect, presented an incomplete proposal that nevertheless included a site plan as well as an elevation of the house. At that time, several concerns about the proposal were expressed by members of the ARC. CT Page 4399
The ARC met again on January 31, 1990. The defendants were once again represented by their architect. The Committee indicated disapproval of the site plan and elevations. The defendants' submission remained incomplete at that time.
On February 8, 1990, Joan Caldwell, on behalf of he ARC wrote to the defendants' architect outlining the areas of the defendants' plan that were unacceptable and causing concern.
The defendant, Bruce Lev, Trustee, responded to Ms. Caldwell by letter of February 20, 1990. The letter enclosed additional documents which he claimed gave the ARC all the information that had previously been lacking in the application. In this correspondence, he also responded to several of the concerns previously expressed about the project and finally indicated that they intended to commence construction in accordance with the plans in the possession of the ARC.
Joan Caldwell again wrote to the defendants' architect on March 9, 1990. A March 2, 1990 meeting had not resolved the matters in dispute and making reference to the time restraints in the Conyers Farm Declaration of Covenants, Easements and Restrictions she wrote that the proposal was disapproved. Ms. Caldwell expressed the hope, however, that the outstanding issues of disagreement would eventually be satisfactorily resolved. Soon after the March 9, 1990 letter of rejection from the plaintiff, the defendants commenced construction work on the parcel of land in question.
What were the time restraints that Ms. Caldwell referred to? Article VI, Section I, makes it clear that if the ARC fails to disapprove plans within thirty days, the plans are automatically approved. Did the plaintiff act reasonably in the letter of March 9, 1990 when the defendant's proposal was rejected? Certainly, the defendants' submission was incomplete before the February 20th letter from Bruce Lev, Trustee. Even if the February 20th letter made the submissions substantively incomplete, which the plaintiff would dispute, there remains several important areas of disagreement between the plaintiff and the defendants. It could also be argued that some aspects of the proposal still had not been adequately addressed, ex. the effect of bounce light off the tennis court. As Joan Caldwell's letter of March 8, 1990 indicates, the pressure of time, caused by Article VI, Section I, coupled with remaining areas of disagreement, made it necessary to reject the proposal. As previously indicated, she expressed the hope that matters could still be worked out. CT Page 4400
The Court finds that at the time of the writing of the March 9, 1990 letter, the process for final approval or disapproval of the project was still, not unreasonably, unfinished. Because the process was not unreasonably incomplete, the plaintiff had to reject the proposal or Article VI, Section I, would automatically approve it thirty days after submission. The Court therefore concludes that the rejection of the defendants' plans by the plaintiff at that time to be reasonable under the circumstances. The defendants ignored that disapproval and began construction. They thereby breached the Declaration of Covenants, Easements and Restrictions that they took title subject to. Accordingly, the Court grants the plaintiff's request for a preliminary injunction.
After hearing the evidence concerning liabilities incurred and or perhaps to be incurred arising out of an executed construction contract on this parcel of land, the Court increases the bond to $150,000.00. As a considerable period of time has passed since evidence was introduced about the amount of the bond, the Court would entertain a request by either party for further testimony on this issue.
The Court realizes that this decision does not reach several of the substantive issues very competently raised by counsel for the plaintiff and the defendants. The Court, upon a full review of all the evidence, concludes, however, that some of the issues are premature. Before the Court reached today's results, it requested briefs from counsel concerning some of the "premature" issues which are not addressed in this decision. The Court regrets the inconvenience the extra research of these "premature" issues has caused for counsel, but obviously the Court did not know where its deliberations would lead it when it made those requests. The Court's ruling today says only that given the time restraints imposed by the Declaration of Covenants, Easements and Restrictions and given the issues left unresolved at the time of Joan Caldwell's letter of March 9, 1990, that the plaintiff's request for a preliminary injunction should be granted. This Court, or some other court, may very well find itself addressing some of the difficult "premature" issues not resolved by this decision. At some point, enough time will have passed where rejection of the defendants' proposal cannot reasonably be based, even partially on time restraints, but rather on the merits of the proposal itself. At that time, substantive issues left unanswered by this ruling will be presented to a court for resolution.
HAUSER, JUDGE CT Page 4401